UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 6:10-cr-00803-GRA-1 |
| | ) | |
| v. | ) | |
| | ) | |
| Patrick Andrew Spann, | ) | **ORDER** |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant's motion for a reduction in the term of imprisonment based on a Guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o).  ECF No. 122.   Defendant also moves this Court to appoint counsel. *Id.*  For the following reasons, Defendant's motions are DENIED.

## Background

This motion is based on Amendment 750 to the United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c).  This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine" and "had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1. " *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321, 2329 (2012), U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010).  On June 30, 2011, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively.  This amendment became effective on November 1, 2011.  Further, the

Commission amended Application Note 10(D) to § 2D1.1 in order to remedy

sentencing anomalies under Amendment 750.  This amendment became effective on

November 1, 2011; therefore, this matter is now ready for disposition.

Defendant pled guilty to one count of possession with intent to distribute crack

cocaine and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B),

and 841(b)(1)(C) on October 20, 2010.  ECF No. 29.  On January 18, 2011, the Court

sentenced him to a term of 188 months imprisonment and five (5) years supervised

release.  ECF No. 53. This sentence was within the range indicated by the

Guidelines.  Defendant filed the present Motion on January 28, 2013,[1] asking that this

Court reduce his sentence and for appointment of counsel.  ECF No. 41.

## Standard of Review

Plaintiff brings this motion *pro se*.  This Court is required to construe *pro se*

documents liberally.  Such documents are held to a less stringent standard than

those drafted by attorneys.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).    A court may not construct the

plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir.

1993), nor is a district court required to recognize "obscure or extravagant claims

defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775

F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

**Discussion**

I.     *Motion for Appointment of Counsel*

"[A] criminal defendant has no right to counsel beyond his first appeal."

*Coleman v. Thompson*, 501 U.S. 722, 756 (1991).  But, the Court has the power to

exercise its discretion to appoint counsel for certain post-conviction proceedings in

some exceptional cases.  *See Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973).

However, a motion pursuant to § 3582(c) does not fit within this category.  *See United*

*States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (holding that due process did not

require a court to appoint counsel to resolve 3582(c)(2) motion).  Therefore

Defendant's Motion for Appointment of Counsel is hereby DENIED.

II.     *Motion for Reduction of Sentence*

Although Defendant has not styled his request as a motion, it is clear that he

seeks relief pursuant to 18 U.S.C. § 3582(c)(2).  The Court therefore construes his

request as a motion for sentence reduction pursuant to that statute.  Under 18 U.S.C.

§ 3582(c)(2), a court has the discretion to modify a prisoner's sentence if, subsequent

to sentencing, a retroactive amendment to the Sentencing Guidelines reduces the

applicable sentencing range.  *See United States v. McHan*, 386 F.3d 620, 622 (4th

Cir. 2004).

On January 18, 2011, the Court imposed a 188-month sentence on Defendant.

ECF No. 37.  Defendant argues that under the Fair Sentencing Act, with the crack-to-

powder ratio now at 18-to-1, his sentence should be reduced.  *Id.*

When Defendant was originally sentenced in 2011, this Court determined that

his base offense level was twenty-eight (28) under U.S.S.G. § 2D1.1(c) (the "Crack

Cocaine Guidelines"), because he was attributed with 309.19 kilograms of marijuana and because a firearm and ammunition were involved in the offense.  The total weight of marijuana was calculated by converting the 43.12 grams of crack cocaine, 14.95 grams of powder cocaine, and $1,570.00 in cash Defendant was attributed with in the offense into drug equivalency and adding them to the 338.98 grams of marijuana Defendant was attributed with in the offense.   As Defendant received a deduction for acceptance of responsibility, his total offense level would have been twenty-five (25). Moreover, his criminal history category would have been a level three, resulting in a sentencing range of 70 to 87 months imprisonment.  U.S.S.G. Ch. 5 Pt. A (Sentencing Table).

However, due to his two qualifying prior felony convictions, Defendant was designated a career offender, increasing the base offense level to thirty-four (34) and his criminal history category to a level six under U.S.S.G. § 4B1.1 (the "Career Offender Provision").[2]  *See* ECF No. 91.  The amended total offense level became thirty-one (31), after taking the deduction for acceptance of responsibility.  His applicable guideline range was thus 188 to 235 months imprisonment, as established by his career-offender status. U.S.S.G. Ch. 5 Pt. A (Sentencing Table). Thus, Defendant was not sentenced pursuant to U.S.S.G. § 2D1.1(c); rather, he was sentenced under the Career Offender Provision.  The fact that Defendant was sentenced as a career offender under § 4B1.1 precludes any reduction in offense level pursuant to Amendment 750.  *See United States v. Johnson*, 409 F. App'x 613,

---

[2] According to U.S.S.G. § 4B1.1, "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

614 (4th Cir. 2010) ("[Defendant] cannot benefit from Amendment 706 to the United States Sentencing Guidelines because his sentence was based on his career offender status rather than the quantity of cocaine attributable to him."), *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision."), *United States v. Davidson*, No. 95-cr-00495-001, 2012 WL 2914495 (3rd Cir. 2012) (slip copy) ("Like Amendment 706, Amendment 750 has no effect on [Defendant's] offense level, which was based on his designation as a career offender.  Accordingly, it is not a basis for a reduction of sentence under § 3582(c)(2).").  In effect, Defendant's sentencing range remains unaltered by a reduction in the Drug Quantity Table.

Moreover, Defendant's sentence was already based on the altered guideline offense levels and drug equivalencies of the Fair Sentencing Act.  *See* ECF No. 34. Therefore, even if Defendant were not a career offender, his guideline range would not be altered, and he is not entitled to a sentence reduction under 28 U.S.C. § 3582(c)(2).

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1 and 1B1.10, the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a), and the advisory nature of the Sentencing Guidelines, it is the judgment of this Court that all provisions of Defendant's previously imposed sentence shall remain in full force and not be reduced.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Modification or

Reduction of Sentence is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of

Counsel is **DENIED.**

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February 4, 2013
Anderson, South Carolina

## <u>NOTICE OF RIGHT TO APPEAL DECISION</u>

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant

has the right to appeal this Order within **fourteen (14)** days from the date of its entry.

Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate

Procedure, **will waive the right to appeal.**